**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-1268**

RHODA SIBANDA,

                                                    Petitioner,

          versus

ALBERTO R. GONZALES, Attorney General,

                                                    Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A98-316-619)

Submitted:  March 14, 2007          Decided:  April 17, 2007

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Bokwe G. Mofor, Silver Spring, Maryland, for Petitioner.  Peter D.
Keisler, Assistant Attorney General, James A. Hunolt, Senior
Litigation Counsel, Kristin K. Edison, Stacy S. Paddack, DEPARTMENT
OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rhoda Sibanda, a native and citizen of Zimbabwe, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming and adopting the immigration judge's order denying her motion to reopen and reconsider. We deny the petition for review.

We review the denial of a motion to reopen or reconsider with extreme deference and only for an abuse of discretion. Stewart v. INS, 181 F.3d 587, 595 (4th Cir. 1999). Such motions are disfavored "in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323 (1992). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2000).

With respect to Sibanda's motion for reconsideration, she failed to show any error of law or fact. See 8 C.F.R. § 1003.23(b)(2) (2006). With respect to her request to reopen, Sibanda failed to show that the evidence could not have been presented at the asylum hearing. See 8 C.F.R. § 1003.23(b)(3) (2006). Accordingly, we find the immigration judge did not abuse his discretion.

Insofar as Sibanda seeks review of the immigration judge's order denying her applications for asylum, withholding from

removal, and withholding under the Convention Against Torture, we are without jurisdiction to review that decision. Sibanda did not appeal the immigration judge's order to the Board, and thus she did not exhaust her administrative remedies. See Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED